UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY EUGENE HINOJOSA,<br><br>Petitioner,<br><br>v.<br><br>HUNGER ANGLEA,<br><br>Respondent. | No. 2:18-cv-1616-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely and for failure to state a cognizable claim. ECF No. 12. As discussed below, the petition is untimely and must be dismissed.

**I.     Background**

On March 25, 2013, petitioner was sentenced in Placer County Superior Court to a total of 12 years imprisonment following his no-contest plea to carjacking with two years of enhancements under California Penal Code § 667.5. ECF No. 13-1 at 3 (petitioner's abstract of judgment). He did not appeal, but began to file a series of six state collateral challenges to his sentence in 2017. ECF Nos. 13-2 through 13-14. All were denied, the latest denial coming from the California Supreme Court on April 25, 2018. ECF No. 13-13. This petition followed on May 31, 2018. ECF No. 1. Petitioner alleges that his sentence violates due process because his sentence was doubled based on a prior crime that does not qualify as a "strikable" offense under

1

California's Three Strikes Law. Respondent argues that petitioner fails to state a federal claim and that the petition is untimely. For the reasons that follow, the court agrees that the petition is untimely. Because it must be dismissed as untimely, it is unnecessary to address respondent's additional argument that petitioner's claim is not cognizable by this federal court.

**II.     The Limitations Period**

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

**a.     Statutory Tolling**

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law).

A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

A petitioner may be entitled to statutory tolling for the time that additional rounds of state habeas petitions are pending (provided they were filed prior to the expiration of the limitations period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79 (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For tolling to be applied based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly successive. *Porter*, 620 F.3d at 958.

### b. **Equitable Tolling**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### c. **The Equitable Exception for Innocence**

In addition, the statute of limitations is subject to an actual innocence exception.[1] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the

---

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

3

determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id.*

**III. Analysis**

Respondent correctly argues that the limitations period began to run on May 24, 2013, which was the day on which petitioner's opportunity to seek direct review expired. 28 U.S.C. § 2244(d)(1)(A). Petitioner advances no grounds for a later start-date under § 2244(d)(1)(B) or (D). However, he does appear to argue that under § 2244(d)(1)(C) the limitations period should run from the U.S. Supreme Court's decision in *Sessions v. DiMaya*, __ U.S. __, 138 S. Ct. 1204 (Apr. 17, 2018). ECF No. 14 at 1 (petitioner's opposition brief, arguing that his petition "should be reviewed under the decision of *Sessions*"). In that case, the Court invalidated the "residual clause" of 18 U.S.C. § 16(b) – which rendered deportable any alien convicted of a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – as unconstitutionally vague. 138 S. Ct. at 1210-11. The case was a "straightforward application" of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Court had invalidated for vagueness an analogous residual clause in the Armed Career Criminals Act. *Id.* at 1213.

Petitioner may be arguing that *DiMaya* applies to his case because his sentence was enhanced under California Penal Code § 667.5, which provides for sentence enhancements for prior "serious" or "violent" felonies. But petitioner has not pointed to any residual clause in that statute (or the statutes it incorporates by reference) or any other provision that is analogous to the residual clause invalidated in *DiMaya*. As numerous other courts have found when faced with similar arguments premised on *Johnson*, the California statutes specifically define "serious felony" and "violent felony" without using residual clauses. Cal. Pen. Code §§ 667.5(c), 1170(h), 1192.7(c)(1); *Davis v. Fox*, No. 2:17-cv-0230 TLN AC P, 2018 U.S. Dist. LEXIS 44838, at *9 (E.D. Cal. Mar. 19, 2018); *Rogers v. Gastelo*, No. 16-cv-01943-MMA-BGS, 2018 U.S. Dist. LEXIS 136604, at *16-21 (S.D. Cal. Aug. 10, 2018); *Renteria v. Lizarraga*, No. CV 16-1568

4

RGK (SS), 2016 U.S. Dist. LEXIS 119303, at *17 (C.D. Cal. Sept. 2, 2016); *see also Coleman v. Hatton*, No. 1:17-cv-00940-AWI-SKO HC, 2018 U.S. Dist. LEXIS 73492, at *(E.D. Cal. May 1, 2018) (rejecting petitioner's argument that his successive petition should not be barred because *Johnson* announced a new constitutional rule applicable to his Three Strikes claim). In fact, "every district court to look at the issue in this state agrees: *Johnson* neither identified a new federal constitutional right nor restarts the habeas clock under AEDPA for a state habeas action." *White v. Rackley*, No. 17-cv-7445 AC (MRW), 2017 U.S. Dist. LEXIS 199062, at *4-5 (C.D. Cal. Nov. 30, 2017) (collecting cases). Petitioner has presented no persuasive argument that *DiMaya*, which was a straightforward application of *Johnson* to an analogous federal residual clause, announced a new constitutional right or even applies to his case at all. Thus, his request for a later limitations start-date fails and, absent tolling, the limitations period for petitioner's federal habeas petition expired on May 24, 2014.

All of petitioner's state habeas petitions were filed in 2017 or later, well outside the federal limitations period. State petitions filed after the expiration of the federal limitations period cannot toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, this case presents no grounds for statutory tolling.

Petitioner advances no equitable grounds under which this court could consider his untimely petition.

Accordingly, the petition must be dismissed.

**IV.     Recommendation**

As the petition is untimely, and petitioner has not presented facts that would justify tolling the limitations period or applying an exception thereto, it is RECOMMENDED that:

1. Respondent's August 1, 2018 motion to dismiss (ECF No. 12) be granted;
2. The petition be dismissed as untimely; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 20, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE